**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1910
_____

IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS CONCUSSION INJURY
LITIGATION

Byron Cuthbert & Associates, LLC; SPID 100004410; SPID 100004597; SPID
100007249; SPID 100007913; SPID 260001260; SPID 100002921; SPID 100005756;
SPID 100005198; SPID 100000435; SPID 100002185; SPID 100007068; SPID
100008484; SPID 100013989; SPID 100002465,
                                    Appellants
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:12-md-02323)
District Judge: Honorable Anita B. Brody
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 6, 2025
_____

Before: MATEY, FREEMAN, and ROTH, *Circuit Judges*

(Filed: June 10, 2025)
_____

OPINION[*]
_____

---

[*]This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

MATEY, *Circuit Judge*.

More than a decade ago, a class of retired professional football players settled claims against the National Football League concerning chronic head injuries. *In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 421–22 (3d Cir. 2016). The settlement agreement established a program to distribute funds to class members who receive a qualifying diagnosis of one or more concussion-related conditions. It also empowered a Claims Administrator to verify claims and investigate potential fraud or wrongdoing. If "the Claims Administrator determines that there has been a misrepresentation, omission, or concealment of a material fact" in connection with one or more claims, it refers the claim(s) to the Special Masters. Supp. App. 60. The Special Masters' decisions are subject to review by the District Court. Fed. R. Civ. P. 53(f).

Byron Cuthbert & Associates, LLC (BCA) has represented hundreds of class members seeking settlement awards. After several allegations of wrongdoing, the Claims Administrator initiated an audit and found that BCA's Byron Cuthbert 1) "pressured physicians" to use "Amyloid PET scans that he knew were unreliable"; 2) "attempted to influence" physicians to obtain Alzheimer's diagnoses for his clients; 3) improperly "drafted medical records" and third-party affidavits; and 4) was not truthful with the Claims Administrator. App. 3. Accordingly, the Claims Administrator determined that Mr. Cuthbert's actions constituted "material misrepresentations and omissions related to Claim filings." App. 3.

The Claims Administrator referred the matter to the Special Masters, who adopted the Claims Administrator's factual findings and denied twelve claims "directly

2

implicated" by the issues identified in the audit. App. 7. The Special Masters also suspended processing of all claims filed by BCA clients and directed the Claims Administrator to 1) deny claims subject to the issues identified in the audit; 2) certify which claims were free of those issues; and 3) deny any claims for which it could not be determined whether there were issues. All denials were without prejudice, allowing claimants to resubmit claims after "obtaining new medical records unsullied by the issues" identified in the audit. App. 7. The District Court affirmed the Special Masters' decision. Seeing no error, we will affirm.[1]

First, the District Court properly declined to address Appellants' argument that the Claims Administrator discriminated against Mr. Cuthbert in violation of 42 U.S.C. § 1981, as this issue was not raised before the Special Masters. *See AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1213 (9th Cir. 2020). Appellants point only to a single sentence in the Special Master briefing where BCA argued that the "Claims Administrator's actions show[] bias towards Attorney Cuthbert—as claims with the same PET scan evidence are being approved for other Attorneys but not Attorney Cuthbert." App. 132–33. That is insufficient.

Second, there was no modification of the settlement agreement. When evaluating whether the Amyloid PET scans championed by Mr. Cuthbert were reliable, the Claims

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332(d)(2) and we exercise jurisdiction under 28 U.S.C. § 1291. We review the District Court's interpretation of the settlement agreement for clear error and the exercise of its authority to administer the settlement for abuse of discretion. *In re Nat'l Football League Players Concussion Injury Litig.*, 962 F.3d 94, 101 (3d Cir. 2020).

Administrator relied on the expertise of a nuclear medicine consultant. Appellants argue that reliance amended the settlement agreement to require claimants to use the consultant's methodology. Not so. The Claims Administrator merely utilized an outside opinion to verify and investigate fraud claims, a process consistent with the terms of the settlement agreement.

Finally, Appellants argue the Special Masters' decision violated due process in a variety of ways. But many of their arguments amount to attacks on the Special Masters' factual findings, which are final and binding under the terms of the settlement agreement. *See* Fed. R. Civ. P. 53(f)(3)(B). The settlement agreement also precludes Appellants from obtaining an evidentiary hearing on their challenge to the audit proceeding. In sum, Appellants obtained the process available to them under the settlement agreement, which they previously had the opportunity to challenge. *See In re Nat'l Football League*, 821 F.3d at 422–26, 447–48. There is no due process violation.

\* \* \*

For these reasons we will affirm the District Court's judgment.